UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GULF WINDS FEDERAL CREDIT UNION )
                                          )
               PLAINTIFF, )
                                            )
v.                                          )      Case No: 3:07 CV 468/RS/MD
                                            )
BUILDING COMMITTEE, INC.,         )
                                            )
               DEFENDANT. )
_____ )

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, by and through its counsel of record, and, pursuant to Rule 15(a)(1)(a) of the Federal Rules of Civil Procedure, amends and restates its Amended Complaint as follows:

## PARTIES

1.    Plaintiff Gulf Winds Federal Credit Union ("Credit Union") is a credit union organized under Federal law and doing business in Escambia County, Florida.

2.    Defendant Building Committee, Inc. ("BCI") is a corporation organized under the laws of the State of Wisconsin having its principal place of business in a State other than the State of Florida.

## ALLEGATION OF FEDERAL DIVERSITY JURISDICTION

3.    The Credit Union is a credit union organized under Federal law and doing business in Escambia County, Florida. BCI is a corporation organized under the laws of the State of Wisconsin having its principal place of business in a State other than the State of Florida.

1

The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

## FACTS

4.    In or around November of 2004, the Credit Union contracted with BCI to replace the roof on the Credit Union's administration building after said building was damaged by Hurricane Ivan.

5.    Pursuant to said contract, BCI was to install a roof accompanied by a 15 year warranty.

6.    BCI charged about or around $130,000 for said roof construction.

7.    Upon information and belief, BCI then delegated out said roof construction.

8.    Both the material and quality of the work for said roof construction was inferior and/or performed in an unworkman like manner.

9.    Shortly after said roof construction was finished, said roof began to leak on occasions of rain.

10.   During said leaks, substantial amounts of rainwater entered said building.

11.   The Credit Union's employees were forced to place tarps over expensive and complex computer systems, place buckets to collect water in many locations, and pour bleach on walls in hopes of mitigating mold growth.

12.   The Credit Union began a series of complaints and requests for repairs.

13.   BCI failed to make the necessary repairs.

14.   In or around September of 2005, Sunbelt Master Contractors ("Sunbelt") was instructed by BCI to inspect said roof and make a repair estimate.

15.   Sunbelt notified both BCI and the Credit Union that, because the installation was so poor, it would be more practical and more economical to replace said roof than to repair it.

2

16.    BCI refused to authorize Sunbelt to make the recommended replacement.

17.    BCI refused to undertake the recommended replacement.

18.    The Credit Union then contracted with Sunbelt to install a warranted roofing system at a cost of $52,000 dollars.

19.    Upon information and belief, construction of a roofing system substantially similar to said roof construction in the Gulf Coast area should cost have no more than $55,000.

## COUNT I - BREACH OF CONTRACT

20.    Plaintiff re-affirms and re-alleges each and every averment of the above paragraphs and adds the following:

21.    BCI failed to install an adequate roofing system which prevented rain water from entering said building.  By failing to install an adequate roofing system which prevented rain water from entering said building, BCI materially breached the contract.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant as follows:

        a.    costs to secure a replacement roof;

        b.    lost time and productivity;

        c.    miscellaneous other loses and inconveniences; and

        d.    interest, costs and any other relief to which Plaintiff is entitled.

## COUNT II - BREACH OF CONTRACT

22.    Plaintiff re-affirms and re-alleges each and every averment of the above paragraphs and adds the following:

23.    BCI failed to install said roof in a good and workman like manner.  By failing to install said

3

roof in a good and workman like manner, BCI materially breached the contract.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant as follows:

        a.     costs to secure a replacement roof;

        b.     lost time and productivity;

        c.     miscellaneous other loses and inconveniences; and

        d.     interest, costs and any other relief to which Plaintiff is entitled.

## COUNT III - BREACH OF CONTRACT

24.    Plaintiff re-affirms and re-alleges each and every averment of the above paragraphs and adds the following:

25.    BCI failed to have a 15 year warranty issued for said roof. By failing to have a 15 year warranty issued for said roof, BCI materially breached the contract.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant as follows:

        a.     costs to secure a replacement roof;

        b.     lost time and productivity;

        c.     miscellaneous other loses and inconveniences; and

        d.     interest, costs and any other relief to which Plaintiff is entitled.

## COUNT IV - UNJUST ENRICHMENT

26.    Plaintiff re-affirms and re-alleges each and every averment of the above paragraphs and adds the following:

27.    Plaintiff paid BCI for installing said roof, conferring a benefit upon BCI valued at

approximately $130,000. Said price charged was an inflated cost which bore no relationship
to what should have been charged.

28.    Said inflated cost occurred as the Credit Union was vulnerable following Hurricane Ivan.

29.    BCI was aware of, and had knowledge of, the benefits conferred upon it.

30.    In light of BCI 's gain, their retention and benefit of the amount paid is inequitable and
       unjustly enriched Defendant.

       **WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the

Defendant in the amount of $78,000 together with interest, costs, and any other relief to which

Plaintiff is entitled.

## JURY DEMAND

Plaintiff renews its earlier jury demand.

Respectfully Submitted,

/s/ Jonathan Kudulis
Jonathan L. Kudulis
Attorney for the Plaintiff
Trimmier Law Firm
2737 Highland Avenue
Birmingham, Alabama 35205
205/251-3151
205/322-6444 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of November, 2008, I electronically filed the
foregoing with the Clerk of Court using the CM/ECF system which will then send notification of
such filing to the following:

/s/ Jonathan Kudulis
Attorney for Plaintiff

W. David Jester, Esquire
Galloway, Johnson, Tompkins, Burr & Smith
118 East Garden Street
Pensacola, Florida 32502
850-436-7000 (fax)

Jeffrey Morris, Esquire
Quarles & Brady
411 East Milwaukee Avenue
Milwaukee, Wisconsin 53202-4497
239-213-5455 (fax)